IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


CARLOS DAVENPORT,

      Plaintiff,

                               Civil Action 2:14-cv-392
    vs.                            Judge Marbley
                               Magistrate Judge King

CHRISTOPHER M. COOPER, *et al.*,

      Defendants.


ORDER AND
REPORT AND RECOMMENDATION


      Plaintiff, a state prisoner, brings this civil rights action without prepayment of fees or costs. This matter is before the Court on plaintiff's application for leave to proceed *in forma pauperis*, ECF 3, and for the initial screen of the action required by 28 U.S.C. §§ 1915(e), 1915A.

                                 **I.**

      Plaintiff's motion for leave to proceed *in forma pauperis*, ECF 3, is **GRANTED.** Plaintiff is assessed the full amount of the Court's $350.00 filing fee. 28 U.S.C. §1915(b)(1).

      Plaintiff's declaration reveals that he currently possesses an amount insufficient to pay the full filing fee. The custodian of the plaintiff's inmate trust account at the institution of his residence is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio, as an initial partial payment, 20%

1

of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six (6) months immediately preceding the filing of the complaint.

After full payment of the initial partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fees of $350.00 have been paid to the Clerk of this Court.  28 U.S.C. §1915(b)(2).  *See McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997).

The Clerk of Court is **DIRECTED** to mail a copy of this order to the plaintiff and the prison cashier's office.  The Clerk is **FURTHER DIRECTED** to forward a copy of this order to the Court's financial office in Columbus.

## II.

Having performed the initial screen of the action, however, the Court **RECOMMENDS** that the action be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

The original *Complaint*, ECF 1, names as defendants two lawyers who represented plaintiff in a state court criminal matter, the state court trial judge and his bailiff.  Plaintiff filed a document on July 7, 2014, captioned *Affidavit Pursuant to Rule (3) The Complaint*, ECF 4, which appears to name as additional defendants an Assistant Ohio Public Defender and an Assistant Attorney General who have apparently

been involved in plaintiff's post-conviction proceedings.

Although the precise nature of plaintiff's claims in this action, which was filed on April 29, 2014,[1] are not entirely clear, plaintiff appears to base his claims on events that allegedly occurred during the course of his state court criminal proceedings between November 2010 and November 2011. Plaintiff appears to complain that, in November 2010, the state court trial judge refused to appoint counsel for plaintiff after he discharged his retained counsel (who was suspended from the practice of law in June 2011 for misconduct unrelated to his representation of plaintiff) and improperly revoked plaintiff's bond. Plaintiff also appears to complain about actions allegedly taken by the judge's bailiff and by the lawyer(s) who represented him through his sentencing in November 2011. Plaintiff alleges that all the defendants conspired to deprive plaintiff of his civil rights, including his right to due process, and engaged in criminal misconduct including identity fraud. Neither the original *Complaint* nor the *Affidavit Pursuant to Rule (3) The Complaint* articulates the relief sought by plaintiff.

To the extent that plaintiff's claims necessarily imply that his criminal conviction and confinement are unconstitutional, those claims cannot proceed under 42 U.S.C. §§ 1983 or 1985 unless his conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or ha[s] otherwise been called

---

[1] It appears that plaintiff signed the *Complaint* on March 28, 2014.  ECF 1, PageID# 7.

3

into question by a federal court's issuance of a writ of habeas corpus." *Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003)(citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). Thus, challenges to the fact or duration of one's confinement, *i.e.*, challenges falling "within the traditional scope of habeas corpus," are not cognizable under either §§ 1983 or 1985. *Lanier*, 332 F.3d at 1005-06 (extending *Heck* to claims under § 1985). *See also Thomas v. Eby,* 481 F.23d 434, 438 (6th Cir. 2007).  The Court notes that plaintiff's action for a writ of habeas corpus under 28 U.S.C. § 2254, *Davenport v. Warden,* 2:14-cv-245 (S.D. Ohio), remains pending in this Court.

Plaintiff also appears to base at least certain claims on criminal statutes. As a general rule, a private right of action cannot be maintained under a criminal statute. *American Postal Workers Union, AFL-CIO, Detroit Local v. Independent Postal System of America, Inc.*, 481 F.2d 90, 93 (6th Cir. 1973).  *See also United States v. Oguaju*, 76 Fed. Appx. 579, 581 (6th Cir. July 9, 2003)(there is no private right of action under either 18 U.S.C. §§ 241, 242) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994)); *Howard v. Ohio Supreme Court,* 2008 WL 148890, *8 (S.D. Ohio January 14, 2008)(18 U.S.C. §245 is a criminal statute that does not give rise to a civil cause of action).  It is the United States Attorney – not a private citizen – who is authorized to "prosecute . . . all offenses against the United States" within each district.  28 U.S.C. § 547(1).

For a variety of reasons, the *Complaint* fails to state a claim

for relief under 42 U.S.C. § 1983. Absolute judicial immunity operates to protect judges from liability for monetary damages in connection with actions taken by them in their judicial capacity. *DePiero v. City of Macedonia*, 180 F.3d 770, 783 (6th Cir. 1999)("Judges are generally absolutely immune from civil suits for money damages, including §1983 suits"). Court clerks or bailiffs are immune from such liability for actions taken by them at the direction of the judge. *Huffer v. Bogen*, 503 Fed. Appx. 455, **5 (6th Cir. November 1, 2012)(citing *Foster v. Walsh*, 804 F.2d 416, 417 (6th Cir. 1988)). Lawyers, even lawyers appointed by a court to represent a criminal defendant, do not act under color of state law for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981).

The *Complaint* also fails to state a conspiracy claim under 42 U.S.C. § 1985 because plaintiff does not allege that any conspiracy between and among defendants was motivated by a racial or other class-based, invidiously discriminatory animus. *See Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971); *Dotson v. Lane*, 360 F. App'x 617, 620 n.2 (6th Cir. 2010).

Moreover, this action was untimely filed. The events about which plaintiff complains are alleged to have occurred between November 2010 and November 2011. Claims under 42 U.S.C. §§ 1983 and 1985 must be initiated in Ohio within two (2) years of the time the cause of action accrues. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989)(*en banc*)(claims under § 1983); *Harris v. Board of Educ. of Columbus, Ohio, City School District*, 798 F. Supp. 1331, 1345 (S.D. Ohio

5

1992)(claims under § 1985); *Ealy v. Diorio*, 2009 WL 545106, *2 (S.D. Ohio March 3, 2009)(same). In general, a civil rights claim for relief accrues when the plaintiff knows or has reason to know of the injury that is the basis of his action. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). The facts underlying the events complained of, and plaintiff's claims arising out of those events, should have been known to plaintiff, who was after all a participant in the proceedings about which he now complains, at the time they occurred. Because plaintiff waited more than two (2) years after those events to initiate this action, his claims based on those events are untimely.

For all these reasons, it is **RECOMMENDED** that this action be dismissed.

### III.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objections to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                    *s/  Norah McCann King*
                                    _____
                                    Norah M<sup>c</sup>Cann King
                                    United States Magistrate Judge


Date: August 20, 2014