```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

**CARLOS DAVENPORT,**

      **Plaintiff,**

                                        Civil Action 2:14-cv-392
      **vs.**                                        Judge Marbley
                                        Magistrate Judge King

**CHRISTOPHER M. COOPER,** *et al.*,

      **Defendants.**

## REPORT AND RECOMMENDATION

      Plaintiff, a state prisoner, brings this civil rights action without prepayment of fees or costs.  On August 20, 2014, the Court granted plaintiff's motion for leave to proceed *in forma pauperis* and, after performing the initial screen of the action required by 28 U.S.C. §§ 1915(e), 1915A, recommended that the action be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  *Order and Report and Recommendation*, ECF 5.  Plaintiff filed objections to that recommendation.  *Objection*, ECF 7.  On October 10, 2014, plaintiff filed an amended complaint.  Amended Complaint, ECF 9.

      In light of the filing of the *Amended Complaint*, the August 20, 2014 *Report and Recommendation*, ECF 5, is **WITHDRAWN**. However, having performed the initial screen of the *Amended Complaint* pursuant to 28 U.S.C. §§ 1915(e), 1915A, the Court concludes once again that the action must be dismissed for lack of subject matter jurisdiction and

for failure to state a claim upon which relief can be granted.

The *Amended Complaint* names as defendants two lawyers who represented plaintiff in a state court criminal matter, the prosecutor in those proceedings, and the presiding trial judge and his bailiff. The *Amended Complaint* also names as defendants two additional state court judges, members of the Ohio Disciplinary Counsel, two Ohio Assistant Ohio Attorneys General, an Ohio Assistant Public Defender, and a Columbus Police Officer – all of whom, it is alleged, were notified of wrongdoing by the trial judge, bailiff, and the attorneys involved in plaintiff's state criminal matter, but failed to take action.  The *Amended Complaint* seeks monetary damages.

Although the precise nature of plaintiff's claims in this action are not entirely clear, plaintiff appears to base some of his claims on events that allegedly occurred during the course of his state court criminal proceedings between November 2010 and November 2011. Plaintiff appears to complain that, in November 2010, the state court trial judge refused to appoint counsel for plaintiff after he discharged his retained counsel (who was suspended from the practice of law in June 2011 for misconduct unrelated to his representation of plaintiff) and improperly revoked plaintiff's bond.  Plaintiff also appears to complain about actions allegedly taken by the judge's bailiff and by the lawyer(s) who represented him through his sentencing in November 2011.  Plaintiff alleges that all the defendants conspired to deprive plaintiff of his civil rights, including his right to due process, and engaged in criminal

misconduct.

To the extent that plaintiff's claims necessarily imply that his criminal conviction and confinement are unconstitutional, those claims cannot proceed under 42 U.S.C. §§ 1983 or 1985 unless his conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or ha[s] otherwise been called into question by a federal court's issuance of a writ of habeas corpus." *Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003)(citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).  Thus, challenges to the fact or duration of one's confinement, *i.e.*, challenges falling "within the traditional scope of habeas corpus," are not cognizable under either §§ 1983 or 1985.  *Lanier*, 332 F.3d at 1005-06 (extending *Heck* to claims under § 1985).  *See also Thomas v. Eby,* 481 F.23d 434, 438 (6th Cir. 2007).  The Court notes that plaintiff's action for a writ of habeas corpus under 28 U.S.C. § 2254, *Davenport v. Warden,* 2:14-cv-245 (S.D. Ohio), remains pending in this Court.

Plaintiff also appears to base at least certain claims on criminal statutes.  *See Amended Complaint*, pp. 17-18.  As a general rule, a private right of action cannot be maintained under a criminal statute.  *American Postal Workers Union, AFL-CIO, Detroit Local v. Independent Postal System of America, Inc*., 481 F.2d 90, 93 (6th Cir. 1973).  *See also United States v. Oguaju*, 76 Fed. Appx. 579, 581 (6th Cir. July 9, 2003)(there is no private right of action under either 18 U.S.C. §§ 241, 242) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994)); *Howard v. Ohio Supreme Court,* 2008

3

WL 148890, *8 (S.D. Ohio January 14, 2008)(18 U.S.C. §245 is a criminal statute that does not give rise to a civil cause of action).

For a variety of reasons, the *Amended Complaint* fails to state a claim for relief under 42 U.S.C. § 1983. Absolute judicial immunity operates to protect judges from liability for monetary damages in connection with actions taken by them in their judicial capacity. *DePiero v. City of Macedonia*, 180 F.3d 770, 783 (6th Cir. 1999) ("Judges are generally absolutely immune from civil suits for money damages, including §1983 suits"). Court clerks or bailiffs are immune from such liability for actions taken by them at the direction of the judge. *Huffer v. Bogen*, 503 F. App'x 455, at *5 (6th Cir. November 1, 2012) (citing *Foster v. Walsh*, 804 F.2d 416, 417 (6th Cir. 1988)). Lawyers, even lawyers appointed by a court to represent a criminal defendant, do not act under color of state law for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981).

The *Amended Complaint* also fails to state a conspiracy claim under 42 U.S.C. § 1985 because plaintiff does not allege that any conspiracy between and among defendants was motivated by a racial or other class-based, invidiously discriminatory animus. *See Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971); *Dotson v. Lane*, 360 F. App'x 617, 620 n.2 (6th Cir. 2010).

The claims against the members of the Ohio Disciplinary Counsel, the Assistant Attorneys General, the Assistant Public Defender, and a Columbus Police Officer also fail to state a claim. Plaintiff alleges that these defendants were notified of alleged criminal violations and

4

an alleged conspiracy and yet failed to take any action. *Amended Complaint*, pp. 16, 22. These allegations are not based on "active unconstitutional behavior," which is a prerequisite to liability on the part of a government official under 42 U.S.C. § 1983. *See Combs v. Wilkinson*, 315 F.3d 548, 554 (6th Cir. 2002) (citing *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).

    Moreover, at least some of plaintiff's claims were untimely filed. The events in plaintiff's state criminal proceeding are alleged to have occurred between November 2010 and November 2011. Claims under 42 U.S.C. §§ 1983 and 1985 must be initiated in Ohio within two (2) years of the time the cause of action accrues. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (*en banc*) (claims under § 1983); *Harris v. Board of Educ. of Columbus, Ohio, City School District*, 798 F. Supp. 1331, 1345 (S.D. Ohio 1992) (claims under § 1985); *Ealy v. Diorio*, 2009 WL 545106, *2 (S.D. Ohio March 3, 2009)(same). In general, a civil rights claim for relief accrues when the plaintiff knows or has reason to know of the injury that is the basis of his action. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984). The facts underlying the events complained of in plaintiff's criminal proceeding, and plaintiff's claims arising out of those events, should have been known to plaintiff, who was after all a participant in the proceedings about which he now complains, at the time they occurred.

Because plaintiff waited more than two (2) years after those events to initiate this action, his claims based on those events are untimely.

For all these reasons, it is **RECOMMENDED** that this action be dismissed.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir.

2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


October 17, 2014                                  *s/Norah McCann King*
                                               Norah M<sup>c</sup>Cann King
                                          United States Magistrate Judge