IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS DAVENPORT, | : | |
| Plaintiff, | : | Case No. 2:14-CV-392 |
| v. | : | JUDGE ALGENON L. MARBLEY |
| CHRISTOPHER M. COOPER, *et al.*, | : | Magistrate Judge King |
| Defendants. | : | |

### ORDER

This matter is before the Court on Plaintiff's objections, (Doc. 12; Doc. 13), to the Magistrate Judge's October 17, 2014 **Report and Recommendation**, (Doc. 10), recommending that Plaintiff's Amended Complaint, (Doc. 9), be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. (Doc 10 at 1-2). Upon independent review by the Court, Plaintiff's objections are hereby **OVERRULED** and the Court **ADOPTS** the Magistrate Judge's **Report and Recommendation**. Accordingly, this action is **DISMISSED**.

### I. BACKGROUND

On October 10, 2014, Plaintiff, a state prisoner, filed his Amended Complaint seeking monetary damages against a the following defendants: two attorneys who represented Plaintiff in a state court criminal action, the prosecutor in that matter, the presiding trial judge, the judge's bailiff, two additional state court judges, members of the Ohio Disciplinary Counsel, two Ohio Assistant Attorneys General, an Ohio Assistant Public Defender, and a Columbus Police Officer. (*Amended Compl.*, Doc. 9 at 1-8). While the exact nature of Plaintiff's claims is unclear, he appears to base this action on events that allegedly occurred during criminal proceedings against

him in state court that took place between November 2010 and November 2011, and during subsequent sentencing proceedings in November 2011. (Doc. 9 at 11-26). Specifically, Plaintiff complains that the state trial court judge refused to appoint him counsel after his retained counsel (who was suspended from practicing law in June 2011 for unrelated misconduct) was discharged. (*Id*.). He also claims that all of the Defendants conspired to deprive him of civil rights, including his right to due process, and engaged in criminal misconduct. (*Id*.).

Following the Magistrate Judge's October 17, 2014 Report and Recommendation, Plaintiff filed objections in two separate memoranda – on October 24, 2014 and November 3, 2014, respectively. (Doc. 12; Doc.13). In Plaintiff's first set of objections, (Doc. 12), styled as a "Motion for Relief of Judgment Pursuant to Civil Rule 60B (D) (1) (3) & (b) (1) (2) (3) (4)," he asks the Court "to vacate/set aside a judgment" for "good cause shown." (Doc. 12 at 1). In his memorandum of support, Plaintiff essentially reiterates, or expands, the substantive allegations made in his Amended Complaint of conspiracy and criminal misconduct by the Defendants. Plaintiff makes no arguments regarding this Court's subject matter jurisdiction over his claims; he makes no arguments disputing the untimeliness of his claims; and he does not attempt to rebut the Magistrate Judge's finding that his Amended Complaint fails to state a claim upon which relief can be granted.

In Plaintiff's second set of objections, (Doc. 13), styled as a "Memorandum in Opposition to Report and Recommendation," Plaintiff again largely reiterates his substantive claims. (Doc. 13). Plaintiff also asserts that his case falls outside the "general" rules of law cited by the Magistrate Judge and insists that the action should not be dismissed because evidence will substantiate his claims. (*Id*. at 19-21).

## II.    ANALYSIS

This Court has conducted a *de novo* review of the record in this case, as required by 28 U.S.C. § 636(b) and Federal Rules of Civil Procedure Rule 72(b).[1]  Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendation, (Doc. 10), the Plaintiff's objections, (Doc. 12), as well as a thorough *de novo* review of this Court's file and the applicable law, this Court adopts the Report and Recommendation in its entirety.  In so doing, this Court overrules Plaintiff's objections.[2]

## III.    CONCLUSION

For the reasons stated above, the Court **OVERRULES** Plaintiff's Objections.  The Court hereby **ADOPTS** the Magistrate Judge's **Report and Recommendation.**  The case is **DISMISSED**.

    **IT IS SO ORDERED.**

                                                             s/ Algenon L. Marbley  
                                                              **ALGENON L. MARBLEY**  
                                                              **UNITED STATES DISTRICT JUDGE**

**DATED:  December 8, 2014**

---

[1] If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed.R.Civ.P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

[2] The Court is sensitive to the fact that Plaintiff is proceeding pro se and that, as such, Plaintiff's pleadings are held to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); *see also Washington v. Comm'r of Soc. Sec.*, No. 1:07-CV-230, 2008 WL 4449428, at *4 (S.D. Ohio, Sept. 30, 2008) ("A court should make a reasonable attempt to read the pleadings to state a valid claim on which the plaintiff could prevail, despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with the pleading requirements.") (internal citations and quotations omitted).  Indeed, the Sixth Circuit has determined that, "[t]he rights of pro se litigants require careful protection where highly technical requirements are involved, especially when enforcing those requirements might result in a loss of the opportunity to prosecute or defend a lawsuit on the merits."  *Brown v. Matauszak*, 415 F. App'x 608, 616 (6th Cir. 2011) (citing *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984)).  Unfortunately, even under a more lenient standard of review, the Court's examination of the relevant law and of the record does not illuminate facts or law that can cure the ills of lack of jurisdiction, untimeliness, and failure to state a claim upon which relief can be granted.